UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAROLYN CHRONISTER | CIVIL ACTION  3:16-cv-00364 |
| Plaintiff, | |
| v. | COMPLAINT |
| DIVERSIFIED CONSULTANTS, INC. a Florida Corporation | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT TO
THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, CAROLYN CHRONISTER ("Chronister"), by and through her attorneys, Sulaiman Law Group, Ltd. and Law Offices of Mueller & Haller LLC, complaining of the Defendant, DIVERSIFIED CONSULTANTS, INC. a Florida Corporation ("Diversified"), as follows:

**NATURE OF THE ACTION**

1. Chronister brings this action as a consumer to secure redress for unlawful collection practices engaged in by Diversified. Chronister alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 et seq. ("ICFA").

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and ICFA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA), 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Diversified conducts business in the Southern District of Illinois and Diversified's collection communications and practices impacted Chronister within the Southern District of Illinois.

## PARTIES

4. Chronister is natural person residing in the Southern District of Illinois.

5. Chronister is a "consumer" as defined under 15 U.S.C. §1692a(3).

6. At all times relevant to this action, Diversified was engaged as collection agency with its principal office located in Jacksonville, Florida.

7. Diversified is a "debt collector" as defined under 15 U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts owed to a third party.

8. At all times relevant to this complaint, Diversified was collecting on a consumer debt as defined under 15 U.S.C. §1692 a(5).

## FACTS SUPPORTING CAUSES OF ACTION

9. On August 14, 2015, Chronister filed a Chapter 7 petition in the United States Bankruptcy Court, Southern District of Illinois, case number 15-31273, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362. *See* Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

10. Chronister listed a pre-petition debt ("subject debt") owed to AT&T in the amount of $204.81. *See* Exhibit B, a true and correct copy of Schedule F filed with Chronister's Bankruptcy Petition.

11. Upon information and belief, AT&T submitted the subject debt to Diversified for collections after the bankruptcy case filing.

12. On December 1, 2015, Chronister was granted a discharge of all debts included in her bankruptcy case filing and the BNC sent notice of the discharge to all scheduled creditors, including AT&T. *See* Exhibit C, a true and correct copy of the discharge order and BNC notice of discharge.

13. On December 15, 2015, Diversified sent Chronister a statement in reference to the subject debt which stated:

> "This notice is to inform you that your account with AT&T has been referred to our office for collections...This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector."

*See* Exhibit D, a true and correct copy of Diversified's December 15, 2015 payment demand sent to Chronister.

14. Between the Dates of December 15, 2015 and December 18, 2015, Chronister received three telephone calls from Diversified. In these phone calls, Diversified informed Chronister that the Bankruptcy did not apply to their account.

15. Diversified's letter included a payment coupon instructing Chronister to detach the coupon and return it to Diversified with a payment in the amount of $204.81, the same amount listed in the bankruptcy. *Id.*

16. Chronister was highly confused and upset by the demand for payment as she believed her bankruptcy filing prohibited such a payment demand.

17. Concerned about the violations of her rights and protections afforded by the United States Bankruptcy Code, Chronister sought the assistance of counsel to ensure that Diversified's collection efforts ceased.

18. Chronister has expended time, incurring costs consulting with her attorneys as a result of Diversified's deceptive collection actions.

19. Chronister was unduly inconvenienced and harassed by Diversified's unlawful attempt to collect the subject debt.

**COUNT I -- VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

20. Chronister repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Diversified violated 15 U.S.C. §§1692e(2), e(10), f, and f(1) through its debt collection efforts of a consumer debt.

22. Diversified violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time Diversified demanded payment of the subject debt by virtue of the discharge injunction.

23. Similarly, Diversified violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was collectable at the time of the demands as the subject debt was not owed by virtue of the discharge injunction.

24. Diversified violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt because the subject debt was no longer owed at the time Diversified demanded payment.

25. It was unfair and deceptive for Diversified to attempt to collect the subject debt from Chronister.

26. The underlying subject debt was scheduled in Chronister's bankruptcy and was accounted for in her discharge injunction. Diversified had no legal right to attempt to collect the subject debt from Chronister.

27. Furthermore, Diversified violated 15 U.S.C. §1692(f)(1) by attempting to collect an amount not permitted by law. Chronister's obligation to pay the subject debt was extinguished by her bankruptcy discharge.

28. Diversified has shown willful and malicious disregard towards the Bankruptcy Code and the FDCPA.

29. As pled above, Chronister has suffered damages as a result of Diversified's unlawful collection practices.

WHEREFORE, Plaintiff, CAROLYN CHRONISTER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. awarding Chronister statutory damages of $1,000 as prescribed by the FDCPA;

c. awarding Chronister costs and reasonable attorney fees as provided under 15 U.S.C. §1692 and;

d. awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II --VIOLATIONS OF THE ILLINOIS
## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

30. Chronister restates and realleges paragraphs 1 through 19 as though fully set forth herein.

31. Diversified violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect an otherwise extinguished debt from Chronister.

32. Chronister is a "person" as defined in ICFA, 815 ILCS 505/1(c).

33. Diversified is engaged in "commerce" as defined in ICFA, 815 ILCS 505/1(f).

34. Diversified is engaged in commerce in the State of Illinois with regard to Chronister and the subject debt. Diversified's activities are within the stream of commerce and are utilized in its regular course of business.

**a. Unfairness**

35. It was unfair for Diversified to seek to collect a debt from Chronister through the misleading payment demand. Diversified was prohibited from collecting the subject debt by virtue of Chronister's bankruptcy filing and the discharge injunction.

36. It was unfair for Diversified to attempt to induce Chronister into making payments on the subject debt by sending the payment demand.

37. Diversified intended that Chronister rely on its unfair acts.

    **b. Deception**

38. Diversified's demand for payment on the subject debt, which was scheduled in Chronister's bankruptcy and included in her bankruptcy, represents the use of deception, fraud, and false pretense in an attempt to collect a debt that was not owed at the time the demand for payment was made by Diversified.

39. It is inherently deceptive and oppressive for Diversified to induce Chronister into paying a debt that was no longer owed by virtue of the bankruptcy filing and the discharge injunction.

40. Diversified intended that Chronister rely on its unfair misrepresentations and deception in its efforts to induce Chronister in paying a debt that was no longer owed

41. Chronister relied upon Diversified's false and misleading information.

42. Chronister was harmed by being forced to spend time and money to consult with her attorneys regarding the effect of her bankruptcy filing.

43. Diversified bullied Chronister, an unsophisticated consumer, into near submission with unfair and deceptive conduct through lies, harassment, and deception regarding the collectability of the subject debt.

44. Upon information and belief, Diversified regularly attempts to collect debts from Illinois Consumers no longer owed by virtue of the United States Bankruptcy Code and the discharge injunction.

45. As such, Chronister is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, CAROLYN CHRONISTER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. awarding Chronister actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. awarding Chronister costs and reasonable attorney fees;

d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 31, 2016                Respectfully Submitted,

/s/ Penelope N. Bach
Penelope N. Bach, Esq. ARDC# 6284657
James J. Haller, Esq. ARDC# 6226796
Counsels for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630) 575-8181
Fax: (630) 575-8188


/s/ Rachel Hill
Rachel Hill, Esq. Missouri Bar # 51818
Attorney for Plaintiff
5312 West Main Street
Belleville, Illinois 62226
(618) 236-7000